NOT FOR PUBLICATION [4]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIAGO PINTO and LEWIS MATTHEWS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> VONAGE HOLDINGS CORPORATION, *et al* <br><br> Defendants. | Civil Action No. 07-0062 (FLW) <br><br> **OPINION** |

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiffs, Tiago Pinto and Lewis Matthews, Individually and On Behalf of All Others Similarly Situated, seeking remand to the Superior Court of New Jersey, Law Division, Hudson County, pursuant to the concurrent jurisdiction provided by 15 U.S.C. § 77v(a) of the Securities Act of 1933. For the reasons that follow, Plaintiffs' Motion to Remand is denied.

**I. BACKGROUND**

Plaintiffs filed the instant action on December 8, 2006 in the Superior Court of New Jersey, Law Division, Hudson County and Defendants subsequently removed the action to this Court on January 4, 2007. The instant action is one of fifteen putative class action suits pending before this Court involving Defendants Vonage Holdings Corp., Jeffrey Citron, Michael Snyder, Sharon O'Leary, Betsy Atkins, Peter Barris, Morton David, Orit Gadiesh, J.Sandford Miller,

Hugh Panero, Thomas Ridge, John Roberts and Harry Weller (the "Vonage Defendants"), and Defendants Citigroup Global Markets Inc., Deutsche Bank Securities Inc., UBS Securities LLC, Bear Stearns & Co., Inc., Piper Jaffray & Co., and Thomas Weisel Partners, Inc. (the "Underwriter Defendants") (the Vonage Defendants and the Underwriter Defendants collectively referred to herein as the "Defendants"). Based upon its finding that centralization under 28 U.S.C. § 1407 was necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary, the Judicial Panel on Multidistrict Litigation transferred the suits to this Court for coordinated pretrial proceedings by Transfer Order dated January 9, 2007.

Plaintiffs now move to remand the action to the Superior Court of New Jersey, asserting that removal was improper because their claims, which arise exclusively under the Securities Act of 1933, 15 U.S.C. 77a-77aa (the "Securities Act"), are not removable under either the Securities Act or the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). Defendants oppose Plaintiff's Motion to Remand.

**II. DISCUSSION**

Plaintiffs' motion to remand is essentially identical to the motion to remand denied by this Court in <u>Rovner v. Vonage Holdings Corp.</u>, No. 07-178, 2007 WL 446658 (D.N.J. Feb. 7, 2007). Like the plaintiff in <u>Rovner</u>, the Plaintiffs here contend that because their claims are based solely on the Securities Act and do not involve state statutory or common law, removal was improper. This Court disagrees.

As was recognized by this Court in <u>Rovner</u>, there exists exclusive federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created by the Securities

Act; and (ii) are covered class actions.  <u>Rovner v. Vonage Holdings Corp.</u>, 2007 WL 46658 at *3.  Indeed, the SLUSA provides in pertinent part:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, ***except as provided in section 77p of this title with respect to covered class actions***, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter . . . .  ***Except as provided in section 77p(c)*** of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

[15 U.S.C. § 77v(a)(emphasis added)].  The removal provision of the Securities Act, referenced in 15 U.S.C. § 77v(a) provides:

> (c) Removal of covered class actions
>
> Any covered class action[1] brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

[15 U.S.C. 77p(c)].  Subsection (b) referenced therein provides as follows:

> (b) Class action limitations
>
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging –

---

[1] "Covered class action" is defined to include "any single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." 15 U.S.C. §77p(f)(2)(A)(i)(II).

> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

This Court finds no reason to depart from its interpretation in Rovner of the foregoing provisions as divesting state courts of concurrent jurisdiction over covered class actions, regardless of whether they raise state law claims in addition to claims under the Securities Act.  As was recently recognized by the Eastern District of New York in Rubin v. Pixelplus Co., Ltd., No. 06-cv-2964, 2007 WL 778485 (E.D.N.Y. March 13, 2007), "[a] holding that a class action complaint labeled as a state law or common law cause of action is removable, and one labeled as a Securities Act violation is not, would lead to an absurd result that would undermine the principal purpose of SLUSA, which was to stop 'state-court litigation of class actions involving nationally traded securities.'" Id. (quoting Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 126 S.Ct 1503, 1511 (2006)).  Accordingly, this Court finds that Plaintiffs' class action, which alleges only federal Securities Act claims, was removable.

### III. CONCLUSION

    For the foregoing reasons, Plaintiffs' Motion to Remand is denied.  An appropriate order will follow.


                                                    /s/ Freda L. Wolfson
                                           Honorable Freda L. Wolfson
                                           United States District Judge

Dated: May 4, 2007